## MARSHALL, In Re.

Ohio Appeals, Second District, Franklin County.

No. 3862.   Decided December 7, 1945.

J. Paul McNamara, Columbus, and H. E. Gingher, Columbus, for John L. Marshall.

Ray W. Kilbourne, Columbus, for appellant.

### OPINION

By THE COURT:

Submitted on motion to dismiss the appeal of Mary M. Von Schmidt, trustee, for the following reasons:

(1)   The proceeding and judgment below are not appealable on questions of law and fact.

(2)   No valid reason exists to hold this appeal as an appeal on questions of law.

The record discloses that the action below was on motion of John L. Marshall, a beneficiary of the trust, to remove the said Mary M. Von Schmidt as trustee.  The proceeding was instituted under the provisions of §10506-53 GC.  The Probate Court sustained the motion and ordered the trustee removed.

This appeal on questions of law and fact can stand as such only if the motion for a dismissal of the trustee is a

chancery case within the meaning of that term as used in Sec. 6, Art IV of the Constitution of Ohio. It may be conceded that under the common law the administering of trusts and the appointment of guardians were chancery cases. However, in the case of **In re Estate of Gurnea, 111 Oh St 715,** the Court held that probate matters have lost their chancery character in Ohio, and that such proceedings are not now chancery cases as that term is used in the Constitution. This decision was followed in **Squire, Superintendent of Banks, v Bates, 132 Oh St 161; In re Guardianship of Moyer, 68 Oh Ap 319;** and **In re Estate of Bates, 142 Oh St 622.** Here the Court said:

"The question before the Probate Court in this case related to exceptions to the inventory and appraisement filed by an executor. It is not a chancery case. If there had previously been any basis for controversy relative thereto it was definitely determined by the decision of this court in the case of **Squire, Superintendent of Banks v Bates, 132 Oh St, 161,** where it is held in the first proposition of the syllabus as follows: 'The settlement of the account of a testementary trustee in the Probate Court is not a chancery case and hence not appealable as such from the Probate Court to the Court of Appeals'. "

The appellant cites the case of **Madden v Shellenbarger, 121 Oh St 401,** which we hold is not in conflict with the views stated. This was an action in the Common Pleas Court, not the Probate Court, for the ostensible purpose of securing the advice and direction of the Court as to the provisional settlement of a case to set aside the will of testatrix instituted by her daughters and heirs at law, by and under which will the wards of the plaintiff take all their interest in the estate of the testatrix. The Court held that this was a chancery case, but we do not think that it is in conflict with the doctrine announced in the case of In re Estate of Gurnea, supra.

Coming now to the second branch of the motion, we find that this appeal was made in good faith and the appeal should be allowed to stand on questions of law. The appeal on law and fact will be dismissed. Leave is granted the appellant to prepare and file a bill of exceptions within thirty days from the filing of the entry.

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.